## SIMON E. FERRY *vs.* KINSLEY IRON AND MACHINE COMPANY.

Norfolk.    March, 25, 26, 1907. — May 15, 1907.

Present : KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Contract,* Validity.    *Weekly Payment of Wages.    Employers' Liability Act.*

St. 1902, c. 450, amending R. L. c. 106, § 62, in regard to the weekly payment of wages by providing that " any employee leaving his or her employment, or being discharged from such employment, shall be paid in full on the following regular pay day," does not prohibit or make invalid a contract made by a rule of a manufacturing corporation known and agreed to by an employee, that every person intending to leave the employ of the corporation must give ten days' notice of such intention, and that any person leaving the employ of the corporation without giving such notice and working ten days after giving it shall forfeit whatever wages may be due to him, and the breach of such an agreement is a good defence to an action for the wages thus forfeited.

CONTRACT for money alleged to be due for labor performed by the plaintiff for the defendant.    Writ in the District Court of Southern Norfolk dated May 27, 1905.

On appeal to the Superior Court the case was tried before *Wait,* J., without a jury.    The defendant admitted that the work was performed by the plaintiff, but denied liability to pay for it, because of a rule of the defendant corporation, of which the plaintiff knew and to which he had agreed to conform.

The rule of the company upon which the defendant relied was in force as early as 1899 and the judge found that it was agreed to by the plaintiff.    It was as follows :

" Every person intending to leave the employ of the company must give ten days' notice of such intention at the office and to his foreman.    Any person leaving the employ of the company without giving such notice and working out the same (unless discharged by the company), shall forfeit whatever wages may be due him."

The plaintiff left the defendant's employ without giving and working out the ten days' notice.    It appeared in evidence that the defendant paid its employees weekly.

At the close of the evidence, the plaintiff asked the judge to make the following ruling :

" The contract upon which the defendant relies as a defence to this action is a special contract between a corporation and an employee, having for its object the exemption of the defendant from certain provisions of St. 1892, c. 450, and is governed by the provisions of said chapter, prohibiting such special contracts, and cannot be enforced against the plaintiff; and therefore, if the court finds as a matter of fact that such contract was made, it is no defence to the plaintiff's cause of action."

The judge refused to make this ruling, and found for the defendant. The plaintiff alleged exceptions.

*J. F. Warren,* for the plaintiff.

*J. T. Pugh,* for the defendant.

MORTON, J. The only question in this case is whether St. 1902, c. 450, prohibits such contracts as that relied on by the defendant. We are of opinion that it does not. It is an amendment of R. L. c. 106, § 62, and the object of the Legislature in passing it evidently was to supply an omission in regard to cases where the employee left or was discharged without receiving his pay. As the statute stood before the amendment, those contingencies were unprovided for. Section 10, R. L. c. 106, impliedly recognizes the validity of contracts like that relied on by the defendant, and there is nothing in the weekly payment law which we think forbids them.

*Exceptions overruled.*